tion of its guaranty. We do not see how this fact can be of any avail to the executrix. Payment by the Aeolian Company was not for the purpose of relieving the lessee from liability, and whether, in the event of collection by petitioner of the instant claims, a question of the subrogation of the Aeolian Company should arise is a matter in which the administrator is not concerned.

For the reasons above indicated the judgment of the Circuit Court is reversed and the cause remanded to that court with directions to enter a judgment for the Corporation of the Fine Arts Building in the sum of $16,412.41, with directions that it be paid by the administrator before the claims of other creditors, as an expense incurred in the administration of the estate.

*Reversed and remanded with directions.*

---

**Kate S. Caruthers, Appellee, v. Joe Macaluso, trading as Joe Macaluso & Company, Appellant.**

**Gen. No. 23,615.     (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918.

### Statement of the Case.

Action by Kate S. Caruthers, plaintiff, against Joe Macaluso, trading as Joe Macaluso & Company, defendant, for rent due under a written lease. From a judgment on a verdict directed for plaintiff for $397.75, defendant appeals.

SCHAFFNER & FRIEND, for appellant; THOMAS JONES MEEK, of counsel.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellee;
GUERNSEY ORCUTT, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*when judgment affirmed for insufficiency of abstract.* Where the abstract on an appeal does not
inform the Appellate Court what the verdict and judgment were,
but merely states that the jury "rendered its verdict, to which
verdict defendant excepted," the judgment may properly be affirmed.

2. APPEAL AND ERROR, § 1165*—*when nothing for review on appeal.* Where no evidence is introduced in support of an allegation of the affidavit of defense claiming a recoupment or set-off,
and consequently there is no ruling of the court in regard to the
competency of the evidence, but the transcript of evidence merely
contains what was said between the court and counsel in arguing
concerning such matter, there is in regard thereto nothing which
can be reviewed on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.